576 So.2d 1106 (1991)
STATE of Louisiana, Appellee,
v.
Michael Hebert LEWIS, Appellant.
No. Cr90-622.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Writ Denied May 24, 1991.
*1107 John F. Lavern, Public Defender Office, Lake Charles, for defendant-appellant.
Elaine B. Solari, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, LABORDE and KNOLL, JJ.
FORET, Judge.
On August 11, 1989, defendant, Michael Lewis, was charged by a bill of indictment with distribution of cocaine, a violation of La.R.S. 40:967(A). Defendant was found guilty by ten of the twelve jurors. Subsequently, defendant was billed as an habitual offender, fourth offense, and sentenced to life imprisonment.

FACTS
On March 7, 1989, Jacqueline Y. Arvie, an undercover narcotics agent for the Calcasieu Parish Sheriff's Office, purchased rock cocaine from defendant while she was accompanied by a confidential informant known as T-Bug. Undercover Agent Arvie testified that she and T-Bug were on their way to work when they were approached by defendant, who asked them if they wished to purchase rocks (crack cocaine). Arvie told defendant they would be back later to make a buy. Arvie and T-Bug later located defendant in North Lake Charles. Defendant asked Arvie if she wanted to purchase four rocks. She told him that she wished to purchase five. Defendant advised her that it would cost her $100. Agent Arvie handed defendant $100 and then defendant advised his companion, an unknown male subject, to give Agent Arvie five rocks. After the buy was completed, Agent Arvie drove to the Magnolia Life Building parking lot where she met Detectives Rogers and Trammel and turned the evidence over to them.
At trial, Damon Billiot, a forensic analyst for the Southwest Louisiana Crime Laboratory, testified as an expert in the area of forensic examination of drugs and chemical analyses. He testified that he tested the rocks that Agent Arvie bought from defendant and determined that they contained cocaine.
Defendant-appellant assigns the following as manifest errors of the trial court:
1. The trial court erred in denying his motion for a mistrial;
2. The trial court erred in denying his motion for a continuance;
3. The verdict is contrary to the law and the evidence;
4. The trial court erred in allowing the admission of improper testimony to be solicited by the State over defendant's objection;
5. The trial court erred in admitting the entire contents of the so-called "pen pack" offered by the State of Louisiana at the trial of the habitual offender charge over defense objection;

*1108 6. The verdict adjudicating the defendant as a fourth habitual offender is contrary to the law and the evidence;
7. The sentence imposed was cruel, unusual, and excessive;
8. The trial judge failed to adequately articulate the reasons for sentence and the factual basis therefor.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the trial court erred in denying defendant's motion for a mistrial.
While under direct examination by the State, Deputy Rick Trammel was asked, "Is there any doubt in your mind in this case that this is the man that was at her car; one of the two men at her car?" Deputy Trammel answered, "No, it's not, because I'm familiar with Michael Lewis. When he was incarcerated at the rehab, I used to work out there." Defense counsel objected to the statement by the witness. The trial judge admonished the jury and cautioned the witness not to ever make such a statement again. Defense counsel asked permission to approach the bench. After permission was granted, he asked for a mistrial. The trial judge denied the motion because he had already admonished the jury and the jury was probably unfamiliar with the term "rehab".
La.C.Cr.P. art. 770 states:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
In State v. Nuccio, 454 So.2d 93 (La. 1984), the Supreme Court said, at page 101:
"... a police officer's unsolicited, unresponsive reference to another crime alleged to have been committed by a defendant is not the comment of a court official under C.Cr.P. 770(2), but such an officer will be held to the same standard if his answers show a pattern of unresponsiveness or improper intent."
In this case, Deputy Trammel's response was not solicited by the State. The State was simply attempting to have Deputy Trammel make a positive identification of defendant. Deputy Trammel's answer was unexpected by the State and the State did not pursue the response.
La.C.Cr.P. art. 771 states:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
*1109 In the case at hand, the remark was made by a State witness, Deputy Trammel, and not by a court official. Therefore, the admonition given to the jury by the trial judge was the appropriate remedy under La.C.Cr.P. art. 771.
The testifying officer did not make reference to other crimes allegedly committed by defendant. He merely alluded to the fact that he had had previous contact with the defendant. The answer was unresponsive and unsolicited. The State did not pursue that response. The answer was not so prejudicial that an admonition could not suffice to preserve the defendant's right to a fair trial.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges the trial court erred in denying defendant's motion for a continuance.
On February 8, 1990, defense counsel filed a motion for continuance of the trial date set for February 12, 1990. Defense counsel claimed that motions were still pending in the matter and discovery had not been completed. A contradictory hearing was set for February 12, 1990.
On November 11, 1989, a hearing was scheduled on defendant's objection to the State's answer to discovery and inspection. The State advised the court that similar matters were before the Third Circuit Court of Appeal. Therefore, on joint motion of counsel, the court deferred its ruling in that matter until the Third Circuit ruled on the other matters.
On November 20, 1989, on a motion of the State, the court ordered the motion to fix criminal trial date filed, then set February 12, 1990, as the trial date.
On February 8, 1990, defendant filed a motion for continuance. Defendant claimed that motions were still pending and discovery had not been completed. A contradictory hearing was held on February 12, 1990, and defendant's motion was denied. Defendant applied for supervisory writs to the Third Circuit. On February 13, 1990, the Third Circuit ordered the trial court to grant a continuance or a recess sufficient in duration to determine, by hearing and/or in camera inspection, whether defendant received the genuine initial offense report. State v. Michael Lewis, Writ # K90-163 (La.App. 3 Cir.1990).
On February 13, 1990, the trial court held an evidentiary hearing and found that defendant had properly been furnished with the initial offense report that had been requested and ordered the matter to proceed to trial.
Defendant's assignment of error is without merit because he asked for a continuance on February 8, 1990, because motions were still pending and discovery had not been completed. On February 13, 1990, the Third Circuit ordered a continuance, until an evidentiary hearing was held and a determination was made as to whether defendant received the initial offense report.
The trial court held an evidentiary hearing on February 13, 1990, and determined that defense counsel had received a copy of the initial offense report. After the evidentiary hearing, the trial judge refused to grant defense counsel's continuance, and proceeded with the trial.
In State v. Ray, 521 So.2d 582, 586 (La. App. 1 Cir.1988), writ denied, 525 So.2d 1055 (La.1988), the court stated:
"As a general rule, the denial of a continuance is not grounds for reversal of a criminal conviction absent an abuse of discretion and a showing of specific prejudice caused by denial of the continuance. State v. Jones, 395 So.2d 751 (La. 1981). Where the continuance motion is based upon the want of time for preparation by counsel, this specific prejudice requirement has been disregarded only in cases where the preparation time was so minimal as to cast doubt on the basic fairness of the proceedings. State v. Dupre, 408 So.2d 1229 (La.1982); State v. Olsen, 496 So.2d 1260 (La.App. 1st Cir.1986)."
In the case at hand, defense counsel argued in his brief that he received a copy of the initial offense report only days before trial. Defense counsel has failed to show how the trial judge abused his discretion by denying defendant's motion for a continuance. Defense counsel has also failed to *1110 cast doubt on the basic fairness of the proceeding or show how the lack of time prevented him from being able to present a proper defense.
For the foregoing reasons, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 3 and 4
Defendant alleges that the trial court erred because the verdict is contrary to the law and the evidence, and in allowing the admission of improper testimony to be solicited by the State over defendant's objection.
In brief, defense counsel fails to argue or cite any legal authority in support of these assignments of error.
The guidelines regarding the appellant's brief are set forth in the Uniform Rules Courts of Appeal, Rule 2-12.4, which states in pertinent part:
"The brief of the appellant or relator shall set forth ... a succinct syllabus or statement of the principles of law relied upon with corresponding citations of authority,... the issues presented for review, an argument confined strictly to the issues of the case ... giving accurate citations of the pages of the record and the authorities cited....
* * * * * *
All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed."
Failure to argue assignments of error on appeal constitute a waiver of that assignment. Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3 Cir. 1983).
Where a defendant has raised no legal argument in support of his allegation alleged in his assignment of error, that allegation was deemed abandoned upon appeal. State v. Bates, 301 So.2d 619 (La.1974); State v. Howard, 443 So.2d 632 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1215 (La. 1984).
For the foregoing reasons, these assignments of error should be considered abandoned on appeal and will not be considered by this Court.

ASSIGNMENT OF ERROR NO. 5
Defendant alleges that the trial court erred in admitting the entire contents of the so-called "pen pack" offered by the State at the habitual offender hearing over defense objection.
During the habitual offender hearing, the State introduced the "penitentiary packet" which contains documents relating to defendant's prior felony convictions.
La.R.S. 15:529.1 is Louisiana's habitual offender law. Section "F" states:
"F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate."
In State v. Lambert, 475 So.2d 791 (La. App. 3 Cir.1985), writ denied, 481 So.2d 1345 (La.1986), this Court said, "only documents properly certified under La.R.S. 15:529.1(F) by the office with legal custody of the documents can be admitted into evidence as proof of prior offenses." In that case, the packets were admitted into evidence because they were certified by the Secretary of the Louisiana Department of *1111 Corrections, which is the penitentiary agency that had legal custody of the documents.
In this case, the record contains the affidavit of Ella M. Peterson, who is the Records Custodian for the Louisiana Department of Public Safety and Corrections, Corrections Service. This affidavit certifies that defendant's "penitentiary packet" contains true and correct copies of the records from the Louisiana Department of Public Safety and Corrections regarding the defendant.
Since this affidavit accompanied defendant's "penitentiary packet," it was properly admitted into evidence. Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial court erred by adjudicating him as a fourth habitual offender because it is contrary to the law and evidence.
During the habitual offender hearing, the State offered defendant's "penitentiary packet" as proof of his prior convictions. The penitentiary packet shows that defendant's prior convictions are as follows:
1. 14th Judicial District Court Docket # 8890-76, distribution of cocaine. Defendant was convicted on October 28, 1976 and sentenced to serve 5 years at hard labor. Said offense was committed on March 13, 1976. Defendant was discharged from the sentence on July 7, 1980.
2. 14th Judicial District Court Docket # 6536-76, simple robbery. Defendant was convicted on October 28, 1976 and sentenced to serve 3 years at hard labor. Said offense was committed on March 19, 1976. The sentence imposed under #8890-76 and #6536-76 were imposed consecutively. Defendant was discharged from this sentence on July 7, 1980.
3. 14th Judicial District Court Docket #11013-83, aggravated battery. Defendant was convicted on June 4, 1984 and sentenced to serve 2 years at hard labor. Said offense was committed on May 26, 1983. Defendant was discharged from this sentence on August 3, 1988.
4. 14th Judicial District Court Docket # 3564-84, distribution of cocaine. Defendant was convicted on June 4, 1984 and sentenced to serve 5 years at hard labor. Said offense was committed on October 25, 1983. The sentence imposed under # 11013-83 and # 3564-84 were imposed consecutively. Defendant was discharged from this sentence on August 3, 1988.
The dates listed above show that the five-year period provided in La.R.S. 15:529.1(C) had not elapsed. Defendant was discharged from his original two sentences on July 7, 1980, and he was subsequently convicted on June 4, 1984. Defendant was discharged from his next two sentences on August 3, 1988, and this offense occurred on March 7, 1989.
The penitentiary packet was properly admitted into evidence and showed that defendant had four prior felony convictions. The penitentiary packet showed that from the time of defendant's first conviction, the five-year time span, as calculated under La.R.S. 15:529.1(C), had not elapsed. Therefore, defendant was properly convicted under the habitual offender statute.
For the foregoing reasons, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NO. 7 and 8
The sentence imposed was cruel, unusual and excessive. Also, the trial judge erred by failing to adequately articulate the reasons for sentence. These two assignments of error have been combined since they both deal with sentencing.
La.R.S. 15:529.1A(3)(b) states:
"(b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence."
Defendant was convicted of distribution of cocaine, which carries a penalty of imprisonment *1112 at hard labor for five to thirty years. Defendant has two previous convictions for distribution of cocaine. Therefore, under La.R.S. 15:529.1A(3)(b), the judge had no choice but to sentence defendant to life imprisonment.
In the past, the Louisiana Supreme Court has upheld life sentences for fourth felony offenders. See State v. Green, 437 So.2d 302 (La.1983), writ denied, 443 So.2d 1121 (La.1984); State v. Wheeler, 450 So.2d 695 (La.App. 4 Cir.1984).
When defendant was sentenced, the trial judge said:
"[t]he defendant was convicted of distribution of cocaine, an offense for which the law provides a penalty of not less than five, nor more than thirty years imprisonment. It has been demonstrated that he is a habitual felony offender for the fourth time. The record demonstrates that the defendant, since his first conviction in 1976, has never been a productive member of society, but continues to commit criminal offenses soon after his release from prison. Considering the provisions of the appropriate Articles, the Court will sentence the defendant to imprisonment for the rest of his natural life."
The trial judge's remarks concerning defendant's propensity to commit crimes, along with the fact that La.R.S. 15:529.1A(3)(b) requires the judge to sentence defendant to life imprisonment is more than adequate to justify the sentence defendant received. Therefore, these assignments of error lack merit.
Defendant's conviction and sentence are affirmed.
AFFIRMED.