607 So.2d 1016 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
John TRAHAN, Defendant-Appellant.
No. CR92-353.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Jack L. Simms, Jr., Leesville, for defendant-appellant.
Asa A. Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
*1017 BERNARD N. MARCANTEL, Judge Pro Tem.
In this appeal, defendant contends the sentence imposed by the trial court is unconstitutionally excessive and unduly harsh.
On September 16, 1991, defendant, John Trahan, was charged by bill of information with simple escape, in violation of La.R.S. 14:110, and theft over $500.00, in violation of La.R.S. 14:67. On the same day, defendant pled not guilty to each charge. Pursuant to a plea agreement on November 27, 1991, defendant withdrew his previous plea of not guilty to both counts, and entered a plea of guilty to the charge of theft, in consideration of the State dismissing the simple escape charge. The trial court ordered a presentence investigation report. On February 24, 1992, the defendant was sentenced to serve thirty months at hard labor with the Department of Corrections, and the sentence is to run consecutively with any sentence defendant was serving.
On appeal, the defendant contends that the sentence imposed is excessive. Defendant states that the trial judge apparently considered the guidelines of La.C.Cr.P. art. 894.1, but failed to give proper weight, or failed to properly consider, subparagraphs (1), (5), (7), (8), (10) and (11) under Section B. Initially, this Court notes that the defendant was sentenced on February 24, 1992, and the sentencing guidelines referred to by defendant were no longer in effect.
With regard to defendant's assignment of error, La.C.Cr.P. art. 881.1 provides in full that:
"A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider a sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."
A review of the record shows no motion to reconsider defendant's sentence was filed. The defendant merely objected to the sentence at the sentencing hearing. The certificate of the Clerk of Court indicates that the record was prepared March 25, 1992, exactly thirty days after the defendant was sentenced. Thus, this failure to file a motion to reconsider sentence precludes the defendant from raising the claim of excessiveness on appeal.
The effective date of La.C.Cr.P. art. 881.1 will be discussed as this legislation was recently added by Acts 1991, No. 38, § 1. The legislation states this article is to become effective on January 1, 1992, or thirty days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission, whichever date is later. Thus, it must be determined when the sentencing guidelines became effective.
The Louisiana Sentencing Commission adopted an emergency rule, published in Vol. 17, No. 12 of the Louisiana Register on December 20, 1991, stating:
"As currently promulgated, the sentencing guidelines will take effect on January 20, 1992 with the publication of the Louisiana Register on that date. Thus, in order to have the guidelines and implementing legislation take effect on January 1, 1992, the emergency rule making is necessary. Therefore, the Louisiana Sentencing Commission has adopted an emergency rule that the *1018 guidelines shall take effect on January 1, 1992 and shall remain in effect until final rules are published in the January 20, 1992 issue of the Louisiana Register at p. 1186."
According to the above, the sentencing guidelines became effective on January 1, 1992.
It seems that an attempt was made by the emergency rule to have the sentencing guidelines and the implementing legislation take effect on January 1, 1992, such implementing legislation including La.C.Cr.P. art. 881.1. However, according to § 3 of Acts 1991, No. 38, art. 881.1 would not be effective until January 31, 1992, thirty days after the effective date of the sentencing guidelines. In the instant case, La.C.Cr.P. art. 881.1 is applicable as the defendant was sentenced on February 24, 1992, after the effective date of the article.
For the foregoing reasons, defendant's assignment of error is not properly before this court on appeal. Defendant's appeal is dismissed.
APPEAL DISMISSED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.