| iCALOGERO, Chief Justice,
dissenting.
I join Justice Victory’s dissenting reasons and adopt them as my own. I write separately, however, to express additional reasons for my dissatisfaction with the majority’s opinion. We granted writs in this case to address the legal question regarding the application of the harmless error doctrine to erroneous admission of other crimes evidence. After resolving that legal question favorably to the state, the majority then applies the harmless error doctrine in this case in a most egregious manner. This decision does not serve well the criminal appellate review system.
Harmless error does indeed have a place in appellate review of criminal convictions. It can and should be applied to inconsequential trial errors. The error in this case, however, was no inconsequential error. Five felony “convictions” were used to shatter defendant’s credibility and his alibi defense. But, as the court of appeal found, the convictions did not exist. To add insult to injury, the district court had originally barred the use of the bills of information. The court of appeal, on the state’s application, ruled them admissible. After conviction, the same court of appeal realized its mistake and reversed the conviction.
Now, this Court s majority reinstates the conviction. For the defendant, it is good news and bad news. Defendant, the good news is that we recognize that you were telling the truth at the start of this case about prior convictions. The court of appeal then mistakenly ruled the evidence admissible, then on appeal corrected its mistake and reversed the conviction. The bad news, however, is that it does not matter that you were illegally and unfairly |2treated at trial because the majority opines that the evidence supports a guilty verdict.
The trouble with finding harmless the egregious error in this case[1] is that it invites criminal appellate courts hereafter to assess the quality of the state’s case and thereupon excuse unfair and illegal trial court rulings, a process which is a far cry irom the established system for criminal appellate review. A criminal appellate court should no more validate an improper conviction by assessing the evidentiary support for the conviction, than should it reverse a conviction because it assesses the evidence differently than the trier of fact. This is a criminal, not a civil case.

. Justice Victory, concurring in part and dissenting in part, clearly points out the error and the grievous consequences to defendant’s presented case:
... The weight of evidence against a defendant does not, in any way, lessen his Constitutional right to a fair trial.
The state’s complete destruction of his credibility, and thus his alibi defense, through the use of certified court documents showing five felony burglary convictions that did not exist ... prevented the defendant from having a fair trial. By the time the case was submitted for decision, the jury had been erroneously led to believe that the defendant, who was on trial for attempted second degree murder and aggravated burglary, had been previously convicted of five burglaries, had lied about the convictions under oath, and had been caught lying about them in the jury's presence. In fact, the defendant was teUing the truth about these nonexistent convictions, but the jury never knew it. Any chance that the jury had of properly weighing the defendant's credibility, and thus his alibi, was destroyed by the prejudice created by this inadmissible evidence.