692 So.2d 1296 (1997)
STATE of Louisiana, Appellee,
v.
Karroman S. KING, Defendant Appellant.
No. CR96-1303.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
*1297 Charles F. Wagner, District Attorney, T. Gerald Henderson, Alexandria, for State of Louisiana.
John Michael Lawrence, Shreveport, for Karroman S. King.
Before DECUIR, AMY and GREMILLION, JJ.
AMY, Judge.
This appeal arises from the conviction and sentencing of the defendant, Karroman S. King, for attempted aggravated rape, a violation of La.R.S. 14:42 and La.R.S. 14:27. The defendant now appeals both the conviction and the sentence imposed. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
The defendant, Karroman S. King, was alleged to have sexually abused his stepdaughter, "D.W."[1] Her testimony at trial indicates that she was sexually abused for several years, beginning when she was eight years old. According to D.W.'s testimony, the first incident occurred when her mother, Rhonda King, left the family home after an argument with the defendant. D.W. stated that she was watching television in the living room, but that the defendant called her into his bedroom. She stated that he removed her clothes and put his penis into her vagina and anus. D.W. testified that she *1298 reported the incident to her mother when she returned home, but that her mother did nothing about the situation. As previously mentioned, D.W. alleged that the defendant continued this behavior for the next three years, committing sexual acts upon her at least once per month. She stated that, at various times, he inserted his penis into her vagina, her anus, and her mouth.
D.W. testified that she reported the defendant's actions to her aunt, Stephanie Lonnette, in 1995 because she "knew she would do something." D.W. stated that her mother told her that she should not tell others of the situation. Lonnette testified that she intervened and contacted the authorities, but that they had been alerted to the situation by D.W.'s guidance counselor from school. Dr. Renata Pilat, a pediatrician, testified that, upon examination, she found D.W.'s vaginal tissues torn and partially abscessed.
The defendant was charged with attempted aggravated rape, a violation of La.R.S. 14:42 and La.R.S. 14:27. The bill of information charged the rape as an offense against a victim less than twelve years of age. Following a bench trial, the trial court found the defendant guilty as charged on June 19, 1996. Subsequently, the trial court sentenced the defendant to twenty-five years at hard labor. The sentence was imposed without the benefit of probation, parole, or suspension. The defendant filed both a Motion for New Trial and a Motion to Reconsider Sentence. Both were denied by the trial court at the time of sentencing.
The defendant now appeals the conviction and sentence. He assigns the following as error: (1) The trial court erred in denying the defendant's Motion for New Trial; (2) The trial court erred in denying the defendant's Motion for Reconsideration of Sentence; (3) The trial court imposed an excessive sentence; and (4) The trial court erred in overruling the defendant's hearsay objection to testimony by the State's witnesses. The defendant also alleges that the bill of information indicated the wrong statute.

ANALYSIS

Errors Patent
The defendant requests an error patent review in his fifth assignment of error. Such a review is standard practice in appellate courts. La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
First, the defendant alleges two interrelated errors regarding the bill of information. He notes that the bill incorrectly cites La. R.S. 14:28 as the attempt statute. La.R.S. 14:28 defines "inciting a felony" instead of attempt which is defined at La.R.S. 14:27. Additionally, the defendant asserts that the clerk incorrectly read the bill of information in open court, misdating D.W.'s birth date as "2/6/94" rather than the correct date which is indicated on the bill, "2/6/84." The defendant's argument correctly highlights notice as the key issue concerning such errors. As this court has previously stated:
The bill of information charging defendant with simple criminal damage to property of over $500.00 but less than $50,000.00 does not give the statutory citation for the law which defendant is charged with violating. However, the bill of information does state the essential facts of the offense charged, that defendant did "commit simple criminal damage to vehicle belonging to McRae Ford Company with the damage amounting to over $500.00 but under $50,000.00 (A felony)." The defendant did not object to this omission nor did defendant claim surprise or prejudicial lack of notice. Therefore, this error is harmless.
State v. Morris, 614 So.2d 180, 182 (La.App. 3 Cir.1993) (citations omitted).
The same basic rule governs a bill of information. State v. Brooks, 93-1767 (La. App. 4 Cir. 2/25/94); 633 So.2d 816, writ denied, 94-1939 (La.9/3/96); 678 So.2d 548. *1299 The bill in the instant matter clearly states that the defendant is charged with attempted aggravated rape, not with inciting a felony. The bill also correctly states the victim's birth date. The record contains no indication that the defendant was unaware of the victim's identity or of the nature of the charge. On appeal, he specifies no particular prejudice to his case. Thus, we find that the errors are harmless.

Motion for New Trial
By this first assignment of error, the defendant argues that the trial court erred in denying his Motion for New Trial.
The governing statute, La.Code Crim.P. art. 851, states, in pertinent part,:
Art. 851. Grounds for new trial
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
....
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
When evaluating a Motion for New Trial, trial courts are to use the "thirteenth juror" standard for reweighing the evidence. State v. Long, 590 So.2d 694 (La.App. 3 Cir.1991). It appears the lower court did not do so, but, instead, applied the sufficiency of the evidence standard.[2] The trial court judge stated:
Okay. With that the Court set that matter for today and the Court has looked over the motion for a new trial. It appears that there are [sic] no new evidence that needs to be considered.
The evidence that was produced and brought before the Court at the time was found by this Court to be sufficient to in fact sustain a conviction. With that the motion for new trial is denied.
(Emphasis added). The defendant objected to the ruling, but did not specifically object to the trial court's use of the sufficiency standard, thus he would be precluded from raising the issue on appeal. La.Code Crim.P. art. 841; State v. Gaines, 633 So.2d 293 (La.App. 1 Cir.1993), writ denied, 93-3164 (La.3/11/94); 634 So.2d 839. In fact, he does not raise the claim on appeal.
Turning to the merits of the defendant's claim, the trial court's ruling as to La.Code Crim.P. art. 851(5) is not reviewable on appeal due to the nature of the statute. State v. Campbell, 94-1140 (La.App. 3 Cir. 3/13/96); 673 So.2d 1061, writ denied, 685 So.2d 140. However, the appropriate legal review of the lower court's ruling on La.Code Crim.P. art. 851(1) is the "abuse of discretion" standard.[3]Id.
The defendant's appellate argument focuses on credibility matters. However, credibility is the province of the fact-finder, and there is no indication the trial court abused its discretion in re-weighing the evidence. We specifically note that the defendant was convicted following a bench trial and that the trial court was, therefore, familiar with the evidence. As this court has previously stated:
It seems unusual for a motion for new trial to arise in a bench trial. The judge is asked to review facts that he has already considered. However, there is apparently no legal impediment to the use of such a motion in a bench trial. See e.g., State v. Duke, 625 So.2d 325 (La.App. 3d Cir.), writ denied, 629 So.2d 1183 (La.1993); State v. Diaz, 612 So.2d 1019 (La.App. 2d Cir. 1993). *1300 State v. Jordan, 94-1012, p. 4 (La.App. 3 Cir. 2/1/95); 650 So.2d 407, 409, writ denied, 95-564 (La.6/30/95); 657 So.2d 1027.
The trial judge in the case sub judice was in a similar position. As previously mentioned, the points raised by the defendant involve credibility and weight of the evidence, which are squarely within the province of the trial court. As we find no abuse of discretion, this assignment lacks merit.

Excessiveness of the Sentence
The defendant next alleges that the trial court erred in refusing to grant the Motion for Reconsideration of Sentence and by imposing an excessive sentence. In particular, the defendant argues that the trial judge did not articulate reasons for the sentence as required by La.Code Crim.P. art. 894.1. The defendant requests that the case be remanded for resentencing. As both of the assignments relate to sentencing, and the defendant combines these arguments, we will address these issues together.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits, "cruel, excessive, or unusual punishment." A sentence that falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir. 1988). To constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (C) of Article 894.1 requires the court to state for the record, the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985); State v. Morgan, 428 So.2d 1215 (La. App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983).
As stated in Cottingin:
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether sentencing court adequately considered the statutory guidelines.
Cottingin, 476 So.2d at 1186 (citations omitted). As the trial court failed to articulate reasons, we must now examine the record in the instant matter to ensure that an adequate basis exists for the sentence imposed.
The trial court held a sentencing hearing on July 2, 1996. Helen King Sanders, the defendant's mother, addressed the court first and testified favorably as to her son's character. The defendant then addressed the court, claiming that someone else had committed the crime. Following these statements, the trial court imposed the twenty-five year sentence previously discussed. The *1301 defendant filed a Motion to Reconsider Sentence, which was denied on August 26, 1996.
Looking to the facts of the present case, we find that the record supports the defendant's sentence. In cases where the victim is less than twelve years of age, the aggravated rape statute, La.R.S. 14:42, provides for death or for life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The attempt statute, La. R.S. 14:27, provides that crimes punishable by death or life imprisonment shall be punishable by not less than ten nor more than fifty years, without benefit of parole, probation, or suspension of sentence.
Thus, the defendant received half the possible maximum sentence. Considering the age of the victim and the nature of the offense, we do not find such a sentence excessive. In State v. Jamison, 93-1633 (La. App. 3 Cir. 5/4/94); 640 So.2d 438, writ denied, 94-1439 (La.10/7/94); 644 So.2d 631, this circuit upheld a twenty-year sentence where the defendant was convicted of attempted aggravated rape against his minor stepdaughter. The court held that:
In the present case, defendant received a sentence of less than half of the statutory maximum. In light of the seriousness of the offense and the harm caused the victim, we do not find that defendant's twenty year sentence constitutes an unnecessary infliction of pain and suffering, nor does the sentence shock our sense of justice.
Id. at p. 14; at 448.
We find the instant matter analogous as the defendant took advantage of his parental authority and victimized his stepdaughter, a minor. The twenty-five-year sentence does not constitute an unnecessary infliction of pain and suffering. As we find no abuse of discretion by the trial court, these assignments are without merit.

Hearsay Objection
In this assignment, the defendant claims that the trial court erred in overruling an objection to hearsay testimony by one of the State's witnesses, Detective Clifford Gatlin. Over the defendant's objection, Gatlin was permitted to relate statements that the minor victim made to him. These statements implicated the defendant. The trial court allowed the testimony under the "first report to an adult" exception to the hearsay rule. La.Code Evid. arts. 801(D)(1)(d), 804(B)(6).
On appeal, the State concedes the statement did not qualify as the victim's initial complaint, but argues, instead, that the statement was not hearsay under Article 801(D)(1)(b) of the Louisiana Code of Evidence which provides:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
....
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him or recent fabrication or improper influence or motive[.]
According to the State's brief, the statement was needed to rebut defense implications that the victim was fabricating the charges because the defendant had threatened to whip her. As the trial court admitted the testimony for another reason, this argument is new. At trial the prosecutors made the present argument, but did not develop it, as it was mixed with the "initial complaint" argument. Also, the implications of fabrication arose mainly during the defendant's testimony and during defense counsel's closing statements. However, defense counsel also raised such implications earlier in the trial, when cross-examining the victim:
Q Did you ever tell anyone lately that you ... Do you know what the word manipulative means?
A I've heard of it.
Q What do you think it means?
A I don't know.
Q Do you know what manipulate is?
A (No audible response)
Q Did you ever tell anyone lately that you know how to get your way?
A No. My momma said that though.
Q Your momma says what?
A That I know how to get my way.
Q Do you think your momma is right?

*1302 A To me my momma say anything.
Q Okay. Do you think you know how to get your way?
A I could if I really wanted my way. But if I know I was right about somethingI ain'teven bother me really.
Q Okay. Have you ever lied to your mom?
A Uh-huh, when I get trouble and I don't want to catch a whipping I lie to her.
Q When your mom was living with Karroman King did they fight a lot?
A Uh-huh.
Q Pardon me?
A Uh-huh.
Q And that didn't make you happy did it?
A No.
Q Did you want him out of the house?
A Uh-huh. But I wouldn't lie on him to get him out.
Q After Karroman King got arrested did you ever ask your mom what would happen if he didn't do it?
A We got in an argument that time. And I was using sarcasm with her.
Q But you told your mom what if he didn't do it?
A Uh-huh.
We find that Gatlin's testimony legitimately supported that of the victim. Therefore, a valid basis for admissibility existed under Article 801(D)(1)(b), as argued by the State at trial. Thus, the error did not prejudice the defendant's case.
The defendant also argues that witness Rhonda King was improperly impeached through the testimony of Dr. Daniel Lonowski, a psychologist. The defendant complains that the trial court allowed Dr. Lonowski to give hearsay testimony regarding statements Mrs. King made to him about D.W.'s description of the crime. Our review of the record reveals that the trial court took pains to ensure that improper hearsay was not given. The State offered the testimony to impeach Mrs. King's earlier testimony, but the trial court observed at several points that no real impeachment was taking place. In particular, the trial court noted that Mrs. King had already admitted to the various statements the State apparently wished to elicit from Dr. Lonowski.
The record shows that Mrs. King, called by the State, was an evasive witness:
Q Mrs. King the question is, did you tell Dr. Lonowski that a few years after this first incident the child came to you again and said the sexual abuse was still occurring, that you confronted Mr. King and that he told you he was but promised he would never do it again. Did you tell Dr. Lonowski that?
A He never said he did it again.
Q Did you tell Dr. Lonowski that?
A I talked to Dr. Lonowski about it.
Q Did you tell him that?
A I told him something like that.
Q And was that the truth?
A Yeah, that's what I did.
Q Ma'am.
A Yes.
Q And you trusted that he would not sexually abuse your daughter anymore?
A Yes, I did.
Q And you were wrong?
A I don't think I was. Because I'm not really sure he did it the first two times.
Q Even though he told you that he did, you're not sure about it?
A He never actually said that he had done that.
Q Well, you want to go all the way back again and let's go through this one more time?
A No, I don't.
On redirect, she was equally equivocal:
Q I think my question to you was, you knew that your husband was sexually abusing your child?
A No I didn't.
Q But then why would you tell these people including Detective Gatlin and Dr. Lonowski that he was?
A I knew [the minor] told me and I knew what he told me. Now I can draw my own conclusion from that. The same as you can draw yours.
*1303 At trial, the defense argued that Dr. Lonowski's impeachment testimony was hearsay. We note, however, that impeachment material is not hearsay as it is not offered for the truth of the matter asserted. See State v. George, 661 So.2d 975 (La.1995).[4] Additionally, La.Code Evid. art. 607(A) allows a party to impeach his own witness, while Article 607(D)(2) allows the use of prior inconsistent statements for impeachment.
Mrs. King's vague testimony was not consistent with her statements to Dr. Lonowski; as his testimony reveals:
Q Did she indicate to you at that time that the defendant admitted his wrong  admitted sexually abusing [the minor] on those occasions?
A Yes.
Q Okay. Was she at all hedging or ambivalent about those particular things, I know thatwas she hedging or ambivalent about that?
A No.
Before credibility may be attacked, La.Code Evid. art. 613 requires that the witness's attention be called to the inconsistency and the witness be given the opportunity to acknowledge the prior statement, but fail to do so. We find that the State gave Mrs. King several opportunities to acknowledge inconsistencies between her trial testimony and her prior statements to Dr. Lonowski. She failed to do so. Thus, the impeachment was proper.
We note that even were we to find that error occurred, which we do not, it was harmless as the evidence was merely cumulative of that elsewhere in the record. Further, the defendant received a bench trial. A trial judge, by virtue of his legal training, can disregard improperly admitted evidence which is possibly prejudicial. State v. Herrin, 562 So.2d 1 (La.App. 1 Cir.), writ denied, 565 So.2d 942 (La.1990). Thus, any error would be harmless because the verdict was "surely unattributable" to the error. State v. Johnson, 94-1379 (La.11/27/95); 664 So.2d 94, separate dissent, 94-1379 (La.12/18/95); 665 So.2d 1163.
This assignment is without merit.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Karroman S. King, are affirmed.
AFFIRMED.
NOTES
[1] The minor's initials rather than her name will be used throughout the opinion in order to protect her identity.
[2] I.e., a "Jackson review," Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also La.Code Crim.P. art. 821.
[3] The second circuit has stated that a denial of a new trial motion based upon either Articles 851(1) or 851(5) of the Louisiana Code of Criminal Procedure is not subject to appeal. State v. Harper, 27,278 (La.App. 2 Cir. 8/23/95); 660 So.2d 537, writ denied, 95-2318 (La.1/12/96); 666 So.2d 320.
[4] We note that the defendant's statements to Mrs. King, which she related to Dr. Lonowski, were also not hearsay because they were not offered to prove the truth of the matter. Additionally, they were personal admissions by a party, under La. Code Evid. art. 801(D)(2)(a). Double hearsay is not excluded if each part of the combined statements satisfies a hearsay exception. La.Code Evid. art. 805.