716 So.2d 36 (1998)
STATE of Louisiana, Appellee,
v.
Harold E. JORDAN, Defendant-Appellant.
No. 98-101.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
Robert Richard Bryant, Jr., Lake Charles, for State.
*37 Edward K. Bauman, Lake Charles, for Harold E. Jordan.
Before DOUCET, C.J., and DECUIR and AMY, JJ.
AMY, Judge.
The defendant, Harold E. Jordan, was convicted of indecent behavior with a juvenile, a violation of La.R.S. 14:81 and was subsequently sentenced to seven years at hard labor. Additionally, in the event the defendant is released on parole, the trial court ordered the defendant to place a sign in his yard alerting passers-by that he is a child molester. On appeal, the defendant alleges that the sentence imposed is excessive, that the trial court was without authority to order the placement of the sign, and, finally, that his plea of guilty was not knowingly and intelligently entered.

Factual and Procedural Background
This matter stems from the alleged sexual molestation of a three-year old neighbor of the defendant, Harold E. Jordan. In regard to this offense, the defendant was charged by grand jury indictment, on December 5, 1996, with one count of molestation of a juvenile, one count of aggravated oral sexual battery and one count of aggravated crime against nature. On December 11, 1996, the defendant entered a plea of not guilty to the charges.
On the day the matter was set for trial, June 16, 1997, the defendant and the State entered into a plea agreement. Pursuant to this agreement, the bill of indictment was amended to reflect that the charge of aggravated crime against nature was reduced to indecent behavior with a juvenile. Following the trial court's inquiry as to the waiver of his rights, the defendant entered a plea of guilty to the charge of indecent behavior with a juvenile. As part of the plea agreement, the remaining charges, molestation of a juvenile and aggravated oral sexual battery, were dismissed.
In a separate proceeding held on September 25, 1997, the defendant was sentenced to seven years at hard labor. This sentence was entered despite the State's recommendation that the defendant serve a three-year sentence. Furthermore, the trial court ordered, should the defendant be paroled, that the defendant erect a sign in his yard in order to alert children that he is a child molester.
The defendant appeals his conviction and sentence assigning the following as error:
1. The sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974.
2. The trial court was without authority to order defendant to place a sign in his yard when paroled stating "I am a child molester."
3. The defendant's plea of guilty was not knowingly and intelligently made.

Discussion

Errors Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review reveals one such error.
The trial court informed the defendant of the three-year period for filing post-conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La.Code Crim.P. art. 930.8. In State v. Green, 94-617 (La.App. 3 Cir. 12/7/94); 647 So.2d 536, this court found such notice to be sufficient but, out of an abundance of caution, asked the district court to inform the defendant of the prescriptive period for filing post-conviction relief by sending appropriate written notice to the defendant. Accordingly, we too remand this matter in order for the trial court to inform the defendant of the prescriptive period for filing postconviction within ten days of the rendition of this opinion and file written proof that the defendant received notice in the record of these proceedings.

Excessiveness of the Sentence
By this assignment, the defendant contends that his seven-year sentence, the maximum available for conviction of indecent behavior with a juvenile, is excessive under the facts of this case. In particular, the defendant notes that he is sixty-nine years of age, *38 is wheelchair bound, has no significant prior criminal history, and, further, has no prior convictions for sexual offenses.
As the defendant's guilty plea was entered pursuant to a plea agreement, we first look to La.Code Crim.P. art. 881.2(A)(2) which precludes the review of a sentence in the following instance:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
In State v. Young, 96-0195, p. 5 (La.10/15/96); 680 So.2d 1171,1174, the Louisiana Supreme Court determined that Article 881.2(A)(2) applies "to plea agreements involving both specific sentences and sentencing caps." In an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded. See State v. Watkins, 97-364 (La. App. 3 Cir. 10/8/97); 700 So.2d 1172; State v. Laroux, 93-719 (La.App. 3 Cir. 2/2/94); 631 So.2d 730, writ denied, 94-0577 (La.6/3/94); 637 So.2d 498; State v. Lewis, 633 So.2d 315 (La.App. 1 Cir.1993).
Here, we are not faced with a situation where the statutory language clearly indicates whether it is applicable. Rather, the plea agreement in the instant matter involves a situation where, in exchange for a the defendant's guilty plea, the State reduced one of the charges and dismissed two remaining charges. Originally, the defendant was charged with three offenses which, if convicted on each of the charges, could have resulted in sentences totaling fifty-years.[1] In view of this reduction of the charges, the one remaining charge may be seen to operate as a sentencing cap as it reduced the defendant's exposure from a total possible sentence of fifty years to a possible sentence of seven years, the statutory maximum for the charge to which he pled guilty. Even further, the parties jointly agreed that the State would recommend that the defendant be sentenced to three years. This portion of the agreement was clearly fulfilled as the defendant pled guilty to a reduced charge, the State made its recommendation, and the remaining charges were dismissed. Thus, each of the parties complied with the plea agreement. However, the court did not accept the recommended sentence, as was done in the above-cited cases, but, rather, sentenced the defendant to the statutory maximum of seven years at hard labor for a conviction under La.R.S. 14:81.[2] Therefore, under existing jurisprudence it is unclear whether Article 881.2 applies.
A sentence imposed in conformity with the plea agreement would, as previously stated, preclude review on appeal. However, if we were to determine that the defendant was not sentenced in conformity with the plea agreement, it follows that review would be permissible under Article 881.2(A)(2), but such a sentence would be illegal and, thus, would be vacated. A vacated sentence, obviously, could not be reviewed for excessiveness.
Our review of the relevant jurisprudence does not indicate that this exact issue has been addressed by a court of this state. However, in State v. Goodman, 96-376 (La. App. 3 Cir. 11/6/96); 684 So.2d 58, a panel of this court concluded that Article 881.2(A)(2) applied only in circumstances where a specific sentence or a specific sentencing range was agreed upon and not where a defendant merely pled guilty to a reduced offense. The court reasoned as follows:

*39 The "cap" discussed at sentencing was a clarification of the law for Goodman's benefit, not a reference to a specific term deemed part of the plea agreement. Nevertheless, the state contends that "any agreement regarding pleading either for a specific sentence or to an amended charge is a plea agreement." Notwithstanding the veracity of that statement, the state ignores the clear purpose of the statute. A fair reading of the statute indicates that the limitation applies when a specific sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing. Read in this manner, the statute prevents a defendant from appealing a specific sentence to which he had previously agreed in order to receive a lesser conviction. In other words, the statute conserves judicial resources by not allowing a defendant to change his mind about the agreement after sentence is imposed. If one reads the statute in the manner suggested by the state, any defendant who pleads to a lesser charge for whatever reason would not be allowed to seek review of an imposed sentence on appeal.
Id. at p. 4; 61. The reasoning of Goodman would appear to safeguard the defendant's right to review in an instance where, as here, the defendant was sentenced within the statutory limits, but to a term which exceeded the recommended sentence for which the parties bargained.
Although Article 881.2(A)(2) could be interpreted to preclude review in the instant matter, we have decided that in the interest of justice, we will review the defendant's sentence. We do so particularly in light of the fact that the plea colloquy in this matter, which will be referred to extensively in our discussion of the defendant's third assignment of error, evidences only that the defendant was informed that he was waiving his right to appeal his conviction and not that he was generally waiving all rights to appeal.
Cruel, unusual, or excessive punishment is prohibited by La. Const. art. 1, § 20. In order to be considered excessive, the court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or find that the sentence makes no measurable contribution to acceptable penal goals and, therefore, constitutes nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. King, 96-1303 (La.App. 3 Cir. 4/2/97); 692 So.2d 1296. Although a sentence may fall within the statutory limits, it may, nevertheless, be considered excessive under the circumstances. King, 96-1303; 692 So.2d 1296. However, as a trial judge is given wide discretion in imposing a defendant's sentence, a sentence imposed within statutory limits will not be deemed excessive absent manifest abuse of discretion. Id.
As noted above, the State amended the initial charges brought against the defendant to a single charge of indecent behavior with a juvenile in exchange for the defendant's guilty plea. After the trial court accepted the plea, the State noted for the record that a joint sentencing recommendation of three years had been agreed upon by both parties.[3] On October 13, 1997, the defendant filed a Motion to Reconsider Sentence, alleging the sentence imposed was excessive.
In imposing sentence, the trial court listed various factors important to its decision. First, the court noted that the victim's family had indicated "that they hoped that Mr. Jordan died in prison...." Next, the court referred to statements made by the defendant's family which indicated that this was not the defendant's first molestation offense and concluded that "there is a great undue risk that during a period of a suspended sentence or probation, the defendant will commit another crime." The reasons also reveal that the trial court felt that a lesser sentence than that imposed "would deprecate the seriousness of the crime." *40 With regard to the defendant's argument that his advanced age and poor health should be considered a mitigating factor, the trial court stated that "Mr. Jordan was in the same poor health that he is today when he committed this offense against a three-yearold child. His poor health does not keep him from molesting children, and I will not let it keep him from going to jail." Finally, the judge reasoned that: "[The defendant] is reprehensible, as are his actions. He has taken advantage of the weakest members of our society and he does so apparently with no remorse whatsoever. His daughter indicated that he was proud of having molested his own children, and that he even told her husband that he had done it." The trial court further referred to statements contained within the PSI which revealed the defendant's lack of remorse for the crime which he committed.
At the time his guilty plea was taken, the defendant admitted to the factual basis for the crime as presented by the State. If convicted of the charges which were dismissed pursuant to the plea agreement, the defendant faced the possibility of an aggregate penalty of thirty-five years, twenty of which could have been imposed without benefit of probation, parole or suspension of sentence. Furthermore, a conviction for aggravated crime against nature, the charge which was reduced by the State, would have put the defendant in jeopardy of a fifteen-year sentence. By entering into the plea agreement, the defendant reduced his possible exposure to seven years at hard labor, the statutory maximum sentence for conviction of indecent behavior with a juvenile. Although the defendant has no prior felony convictions, the Presentence Investigation Report indicates the defendant had previous arrests for disturbing the peace, aggravated battery, fighting and disturbing the peace. In light of this report, the circumstances of the crime in the present case, and the above-quoted reasons by the trial court in sentencing the defendant, we do not conclude that the seven-year sentence is an excessive sentence. We find this assignment to be without merit.
Although the defendant also contends that his sentence is excessive as it relates to the order of the sign, that issue will be addressed in the assignment below.

Court-Ordered Sign
After sentencing the defendant to seven years at hard labor, the trial court additionally stated as follows:
Oh, and under provisions provided by law, if for some reason Mr. Jordan is released on parole, he shall place a sign in his front and his back yard that says: I am a child molester, or a child molester lives here, so that all the children around him will know not to go near him.
It is this order which is the basis for the defendant's second assignment of error. He concedes that the trial court may have statutory authority to impose similar conditions pursuant to a defendant's probation if it is reasonably related to his rehabilitation. However, he maintains that the trial court is without authority to place such conditions on parole.
The State maintains that the trial court had authority to order the placement of the sign pursuant to La.R.S. 15:542 which contains the provisions relating to sex-offender registration. In particular, the State directs this court to La.R.S. 15:542(B)(3)[4] which provides that, in addition to the listed methods of registration, the defendant may be subject to the following:
The court in which the defendant was convicted of the offense that subjects him to the duty to register may order any other form of notice which it deems appropriate, including but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect.
As seen by a review of La.R.S. 15:542 in its entirety, the sex-offender registration statute *41 provides a variety of notification methods. Furthermore, La.Code Crim.P. art. 895(H)(2) provides the court with similar authority when the defendant is placed on probation. However, the order in the instant matter was not made pursuant to La.R.S. 15:542, but was contingent upon the defendant's release on parole.
The conditions of parole which may be placed upon a defendant are, in part, contained within La.R.S. 15:574.4. As applicable in the instant matter, La.R.S. 15:574.4 provides as follows:
H. (1) The Board of Parole may make rules for the conduct of persons heretoafter or hereafter granted parole. When a prisoner is released on parole, the board shall require as a condition of his parole that he refrain from engaging in criminal conduct.
(2) In cases where the offender has been convicted of a violation of any provision of R.S. 14:92(A)(7), Subpart C of Part II, Subpart B of Part IV, or Subpart A(1) or A(4) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, including criminal sexual offenders under the supervision and legal authority of the Department of Public Safety and Corrections pursuant to the terms and conditions of the interstate compact agreement provided for in R.S. 15:574.14, and parole is permitted by law and the offender is otherwise eligible, and when the board releases an offender on parole, and the victim was under eighteen years of age at the time of the commission of the offense, the board shall order the following:
....
(b) That the offender give notice of the crime for which he was convicted and paroled, his name, and his address, by mail, to all people residing within the designated area.... The board may order any other form of notice which it deems appropriate, including to but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect.

(Emphasis added). While this statute allows the Board of Parole to fashion appropriate methods of notification, there is no indication that the trial court has any authority to fashion such methods as they relate to parole.
In the absence of statutory authority, we do not conclude that the trial court, in this instance, and as it relates to parole, was authorized to order the defendant to post a notification sign in his yard. Thus, we vacate that portion of the defendant's sentence. However, we do not address whether the trial court could have ordered the placement of such a sign under different circumstances, i.e., under the sex-offender registration requirements of La.R.S. 15:542. Rather, we conclude that the trial court lacked authority to order the sign as a condition of parole.

Validity of the Guilty Plea
By this assignment, the defendant claims his guilty plea was not knowingly and intelligently made. Although he states that he was fully Boykinized and made aware of the sex-offender registration requirements, he contends that his plea is still constitutionally infirm. In particular, he argues that when he entered his plea of guilty "he was not made aware that in the event he was released on parole he would be required to post signs in his yard stating that he was a child molester, nor was he made aware that he faced a maximum sentence of seven years." The defendant, therefore, argues that he should either be allowed to withdraw his guilty plea or the plea should be vacated.
The validity of the plea is, apparently, raised for the first time on appeal as he did not file a Motion to Withdraw Guilty Plea in the trial court. The defendant's attorney did, however, object at the time of sentencing to the trial court's order regarding the sign. Although not squarely raised in the lower court by the filing of Motion to Withdraw Guilty Plea, we will address this issue due to the constitutional nature of the defendant's argument that his plea was not knowingly and intelligently entered.
It is well settled that "[o]nce sentence has been imposed, a defendant may only withdraw his guilty plea if he is able to show that it is constitutionally infirm." State v. Hidalgo, 96-403, p.4 (La.App. 3 Cir. 11/6/96); 684 So.2d 26, 29. As referenced in Hidalgo, a panel of this court explained in State v. *42 Readoux, 614 So.2d 175, 176 (La.App. 3 Cir. 1993), what constitutes a constitutionally infirm guilty plea with regard to a plea agreement:
A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. State v. Jones, 546 So.2d 1343, 1346 (La.App. 3d Cir.1989); State v. Taylor, 535 So.2d 1229, 1230 (La.App. 3d Cir. 1988), quoting State v. Dixon, 449 So.2d 463, 464 (La.1984). It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea. State v. Malmay, 548 So.2d 71, 73 (La.App. 3d Cir.1989); State v. Jones, supra.

Our review of the plea hearing reveals a detailed colloquy between the trial court and the defendant regarding the waiver of the defendant's rights. The trial judge inquired as to the defendant's understanding of the waiver of rights form, which is contained in the record, and specifically inquired as to his waiver of his right to trial, his right to appeal the verdict of guilt, his right against self-incrimination, as well as his rights both to counsel and to call witnesses at trial. He replied in the affirmative when asked if he was willing to waive these rights. The defendant further denied having been forced, threatened, or coerced into entering the guilty plea.
In addition to the extensive inquiry as to the waiver of the defendant's constitutional rights, and contrary to the defendant's assertion in brief, the record clearly evidences that the defendant was informed of both the minimum and maximum penalties available for the crime to which he was entering the guilty plea. The trial court inquired as to the defendant's understanding as follows:
THE COURT:
... All right. The crime of indecent behavior with a juvenile carries a[sic] no minimum sentence and a maximum sentence of 7 years in the departwith or without hard labor. Do you understand that?
THE DEFENDANT:
[Y]es, ma'am.
Although the State and the defense recommended the defendant receive three years imprisonment, the trial court never stated that it accepted that agreement. In fact, the trial court stated it wanted to know the recommended conditions of probation before it decided anything. The trial court then stated that it would order a presentence investigation report and set sentencing for a later date. At no time did the trial court accept the joint sentencing recommendation. Additionally, when asked if anyone had promised him anything to get him to plead guilty, the defendant answered, "No, ma'am."
As we have vacated the trial court's order as it relates to the notification sign, we will not again address the defendant's knowledge of that possibility.
Accordingly, we conclude this assignment lacks merit.

DECREE
For the foregoing reasons, the defendant's conviction and sentence of seven years at hard labor are affirmed. Furthermore, the defendant's request to withdraw his guilty plea is denied. The lower court's order regarding the posting of a notification sign in the event of parole is vacated. This matter is remanded so that the lower court can inform the defendant of the proper time period for post-conviction relief.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The grand jury indictment returned against the defendant charged the defendant with molestation of a juvenile, aggravated oral sexual battery, and aggravated crime against nature. A conviction for molestation of a juvenile, when committed by virtue of control or supervision, puts a defendant in jeopardy of a fifteen-year sentence. The second charge, aggravated oral sexual battery, has a possible sentence of twenty years. Finally, a fifteen-year sentence is available following a conviction of aggravated crime against nature. Thus, had the defendant been convicted of each of these three charges, he would have been exposed to a possible fifty-year sentence.
[2] It is well-settled that the trial court is not bound by a sentence recommendation and may either accept or reject such a recommendation. State v. Rios, 95-00961 (La.App. 3 Cir. 3/6/96); 670 So.2d 708; State v. Barnes, 91-488 (La.App. 3 Cir. 3/11/92); 596 So.2d 302.
[3] According to the State's statements at the sentencing hearing and the defendant's Motion to Reconsider Sentence, the agreement with regard to the recommendation was that the defendant serve five years, all but two years suspended, and the defendant be placed on five years supervised probation.
[4] The wording of La.R.S. 15:542(B)(3) was changed after the commission of the offense and became effective two months prior to sentencing. The newly worded statute now provides as follows:

Give any other notice deemed appropriate by the court in which the defendant was convicted of the offense that subjects him to the duty to register, including but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect.