JjDOUCET, Chief Judge.
The Defendant, Doyle Alphonso Sepul-vado, was arrested on or about April 27, 1997, in connection with the beating of Jane Bullock. On May 22, 1997, the Defendant was charged by bill of information with attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. On April 20, 1998, pursuant to a plea agreement reached with the State, the Defendant pled guilty to attempted manslaughter, a violation of La.R.S. 14:27 and 14:31. On June 23, 1998, the Defendant was sentenced to serve fifteen years with the Louisiana Department of Corrections. At sentencing, the Defendant orally motioned the court to reconsider his sentence. This motion was denied on October 26, 1998. The Defendant now appeals.
| .FACTS
This appeal is the result of a guilty plea and the limited facts of the case were adduced from the Defendant’s felony plea and statements made within the record. The Defendant maintained a relationship with the victim, Jane Bullock, for four years prior to the incident. On April 27, 1997, the Defendant and Bullock spent the evening drinking and dancing and both became very intoxicated. At some point during the evening an altercation between the Defendant and Ms. Bullock occurred and Ms. Bullock was severely beaten. The Defendant claims to have no recollection of the evening’s events, and maintains that when he went to sleep the victim was lying on the sofa sleeping.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there is one error patent.
The trial court did not personally inform the Defendant of his right to the assistance of trial counsel if the Defendant proceeded to trial. La.Code Crim.P. art. 556.1(A)(1), which became effective August 15,1997, requires the trial court to personally inform the Defendant of this right before accepting his guilty plea. However, since the Defendant was represented by counsel at the guilty plea hearing and since he was informed of his right to the assistance of counsel on appeal, we find this error is harmless.
|,.ASSIGNMENT OF ERROR
The Defendant contends that the trial court erred in imposing a constitutionally excessive sentence. The Defendant was sentenced to serve fifteen years with the Louisiana Department of Corrections for attempted manslaughter which carries a term of imprisonment of not more than twenty years. The Defendant’s sentencing exposure was reduced from a maximum of fifty years without benefit of parole probation or suspension of sentence to a maximum of twenty years because of the plea agreement reached with the State.
Although this issue is not raised or briefed by either the State or the Defendant, in cases where the defendant has received a reduction in his sentencing exposure pursuant to a plea agreement, we have included a discussion of State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36. In Jordan, this court discussed whether La.Code Crim.P. art. 881.2(A)(2) precluded review of a sentence when the defendant pled guilty to a reduced charge and was sentenced within the sentencing range of the reduced charge. This court stated that “[i]n view of this reduction of the charges, the one remaining charge may be seen to operate as a sentencing cap as it reduced the defendant’s exposure from a total possible sentence of fifty years to a possible sentence of seven years, the *111 statutory maximum for the charge to which he pled guilty.” Id. at 4-5, 716 So.2d at 38. Although this court stated that Article 881.2(A)(2) could be interpreted to preclude review of Jordan’s sentence, we decided that “in the interest of justice,” we would review the sentence, “particularly in light of the fact that the plea colloquy ... evidences only that the defendant was informed that he was waiving his right to appeal his conviction and not that he was generally waiving all rights to appeal.” at 6, 716 So.2d at 39. Id.
[ therefore, his assignment of error will be reviewed. The Defendant contends that given the Defendant’s lack of recollection of the evening’s events and because of his obvious problems with alcohol, a sentence of fifteen years amounts to the needless imposition of pain and suffering and should be found to be unconstitutionally excessive. Review of Defendant’s specific sentencing errors is arguably not before the court at this time because of his failure to properly articulate those sentencing errors in his oral motion to reconsider sentence. La.Code Crim.P. art. 881.1(D); State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96), 670 So.2d 671. However, the claims will be addressed in the context of a constitutional review.
On April 20, 1998, at the Defendant’s felony plea, it was found that, “on the 27th day of April of 1997, Mr. Sepulvado was involved in an altercation with Jane Bullock and he severely beat her causing severe damage to her.” Defense counsel at that juncture indicated that the Defendant was freely and voluntarily offering his guilty plea after counseled advice. He noted for the record that inculpatory statements to third parties had been made concerning the Defendant’s involvement in the charged offense. The Defendant seemingly recognized the likelihood of his conviction and the considerable benefit he was receiving from the plea bargain. The Defendant argues that he has no recollection of the evening’s events leading up to and including the beating of Jane Bullock. He maintains that his lack of recollection of the evening’s events and his obvious problems with alcohol should have been considered as mitigating factors in the trial court’s imposition of sentence.
The trial court considered a variety of information prior to sentencing the Defendant, including the sentencing guidelines set forth in La.Code Crim.P. art. 894.1, the Defendant’s presentence investigation report, his adult criminal record, letters from | ¿family members regarding the Defendant and his relationship with Jane Bullock, and a variety of statements and testimony from family and health care providers regarding the physical and mental well being of the victim.
The Defendant was originally presented for sentencing on May 29, 1997. However, the court delayed the actual imposition of the sentence in order to determine the victim’s long term prognosis for recovery. Prior to the recess on that singular issue, the trial judge verbalized his consideration of the existence of the plea bargain which the Defendant had entered into with the State, the presentence investigation report, and in particular, the Defendant’s adult criminal record. The judge specifically noted that “the main problem in your life has been alcohol.” The Defendant’s problems with the irresponsible use of alcohol were well reflected in the trial court’s recitation of a total of seven driving while intoxicated convictions. In addition to those seven charges the Defendant’s criminal record reflected several counts of disturbing the peace and multiple batteries including, but not limited to, a previous and unrelated charge of second degree battery on the present victim. The trial court also considered a telephone statement given by Margaret Hart, R.N., concerning the present status of the victim before ordering the attending physician to submit a report.
The Defendant was ultimately sentenced on June 23, 1998, after the trial court reiterated its consideration of the Defendant’s extensive criminal record. Prior to *112 sentencing, the trial court specifically noted as consideration the Defendant’s social history, including two marriages, three children resulting from the first marriage, and a fourth child in the care of his mother, a result of neither union. The Defendant’s extensive history of alcohol use, his optimal health, and a consistent work record for the past thirteen years was also noted. The trial court concluded:
|fi... I’m looking under paragraph nine of 894.1. The offense has resulted in a significant permanent injury to the victim in this case. And as I stated earlier, I’m filing a copy of the doctor’s letter into the record but I’ll go ahead and read it. It’s dated June 11, 1998 and it states, I have taken care of the above named patient — that is Ms. Wood — Ms. Jane Wood Bullock — for the past six months and firmly believe that her long term prognosis for any recovery beyond this point does not exist. She has not improved in any — not improved any in the past six months. She is confined to a wheelchair and will never walk again. Her cognitive ability will never allow her to function outside of a nursing home. Because of her physical and mental impairment, I believe her life will be shorten [sic] because of complications relating to her immobility and it’s signed by Doctor Fred Reid. I actually can’t find any mitigating factors in this case.
The record indicates a sufficient factual basis for the imposition of a fifteen-year sentence. The record established that the Defendant delivered a violent attack upon the victim which reduced her mentality to that of a four or five-year-old. Prior to the attack, the victim worked as a Licensed Practical Nurse in the facility which now cares for her. Subsequent to this attack, the victim cannot control her desire to eat, will be confined to a bed or wheelchair for the remainder of her life, has the use of only one arm, and requires continuous medical assistance, in addition to a variety of other mental and physical problems. The trial court sufficiently articulated reasons for the imposition of the sentence, including the Defendant’s problems associated with the use of alcohol. The Defendant received considerable benefit in this case in the form of a plea agreement with the State and a reduction in sentencing exposure. Considering the particularly heinous nature of the crime, the sentence of fifteen years is appropriate and should not shock this court’s sense of justice.
Accordingly, for the reasons stated, the Defendant’s sentence is affirmed.
AFFIRMED.