# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-108

**STATE OF LOUISIANA**

**VERSUS**

**CHAD MICHAEL MOUTON**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, DOCKET NO. CR 131200**
**HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

Michael Harson, District Attorney
Keith Stutes, Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
**ATTORNEY FOR APPELLEE**
   State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602
(337) 436-2900
**ATTORNEY FOR DEFENDANT/APPELLANT**
   Chad Michael Mouton

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Defendant, Chad Michael Mouton, was indicted for aggravated rape of a child under the age of thirteen, a violation of La.R.S. 14:42, on October 27, 2010. Defendant entered a plea of not guilty on December 14, 2010. The trial court ordered a sanity commission on October 17, 2011, "to examine [Defendant] as to and whether or not at the time of the alleged crime he was able to distinguish between right and wrong." Dr. Catherine McDonald issued a report on June 13, 2012, indicating her opinion Defendant could stand trial. Dr. Glenn Ally's report dated April 12, 2012, also opined Defendant was competent to stand trial. That report also indicated Defendant "knows right from wrong" and could "aid and assist his attorney in his own defense." The trial court found Defendant competent to stand trial at a hearing on August 15, 2013.

On September 5, 2013, Defendant changed his plea to guilty of the lesser included offense of oral sexual battery of a victim under the age of fifteen at least three years younger than he, a violation of La.R.S. 14:43.3(A)(1). The plea agreement indicated Defendant understood he could be sentenced to imprisonment at hard labor for twenty-five to ninety-nine years, with at least twenty-five years to be served without benefit of parole, probation, or suspension of sentence. Defendant also agreed to a plea recommendation of a sentencing cap of forty years, and the trial court agreed to abide by that recommendation.

After considering the presentencing investigation report, Defendant's prior criminal history, and the aggravating and mitigating circumstances of the case, the trial court sentenced Defendant to thirty-five years at hard labor, with the first twenty-five years to be served without benefit of probation, parole, or suspension of sentence. Defendant objected to the sentence as "unduly harsh" but filed no motion to reconsider his sentence.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" an *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the

trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing several potential errors for appeal, including an excessive sentence argument. Counsel noted the guilty plea indicated Defendant understood he would receive a sentence of no more than forty years. The sentence actually imposed was below this sentencing cap.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39 (quoting *State v. Goodman*, 96-376, p. 4 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61).

Here, the trial court sentenced Defendant according to the recommended sentencing cap. Defense counsel correctly concluded Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

Counsel also noted the trial court appointed the sanity commission in order to determine whether Defendant was able to distinguish right from wrong at the time of the offense. Reports from the assigned medical experts indicated Defendant was competent to stand trial. Dr. Ally's report also stated Defendant could determine right from wrong. At the hearing on August 15, 2013, however, the trial court found Defendant was competent to stand trial, not whether he was able to distinguish right from wrong.

Defendant's ability to determine right from wrong at the time of the offense is a defense to be asserted via a plea of not guilty by reason of insanity. La.Code Crim.P. art. 651. As Defendant never pled not guilty by reason of insanity, the purpose of a sanity commission in this case is to determine whether the defendant has "the capacity to understand the proceedings against him or to assist in his defense." La.Code Crim.P. art. 641. This in fact is what the trial court determined at the August 15, 2013 hearing. This does not present a non-frivolous issue for appeal.

The trial judge discussed the elements of the offense with Defendant at the plea hearing. He described oral sexual battery as "the touching of the anus or genitals of a child under the age of thirteen years of age[]" without mentioning the element of "using the mouth or tongue[.]" Nevertheless, Defendant agreed when the trial judge asked him, "[y]ou had contact with a minor under the age of thirteen years with your mouth on her vagina?" This indicates Defendant's understanding of the elements of the offense.

Further, the trial court discussed the sentencing range with Defendant. He mistakenly advised Defendant the range was twenty-five to seventy-five years without benefit of probation, parole, or suspension of sentence. The actual maximum sentence for Defendant's offense is ninety-nine years. La.R.S. 14:43.3(C)(2). The plea form, however, set forth the correct sentencing range.

The record does not indicate Defendant was prejudiced in any manner by the trial court regarding the maximum sentence.

We have performed a thorough review of the record pursuant to *Anders* and *Benjamin*, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentence.

The statute to which Defendant pled describes the victim as being "under the age of fifteen years[.]" La.R.S. 14:43.3(A)(1). The trial court described the offense as involving a child under the age of thirteen. The record indicates Defendant's victim was nine years old at the time of the offense. Thus, the trial judge's mistake in reciting the age of the victim as set forth in the statute caused Defendant no prejudice and did not affect his plea in any manner.

Our review of the record reveals no issues to support an assignment of error on appeal beyond the potential issues addressed by counsel. Therefore, we grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.