NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-391

STATE OF LOUISIANA

VERSUS

ROBERT N. JOHNSON

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17058-96
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

John Foster DeRosier
District Attorney – 14th Judicial District
Karen C. McLellan
Assistant District Attorney – 14th Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone:  (337) 437-3400
COUNSEL FOR:
        Plaintiff/Appellant - State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 2806
Monroe, LA 71207
Telephone:  (318) 855-6038
COUNSEL FOR:
        Defendant/Appellant - Robert N. Johnson

**THIBODEAUX, Chief Judge.**

Defendant, Robert N. Johnson, was indicted for aggravated rape, a violation of La.R.S. 14:42. He pled no contest to the reduced charge of simple rape, a violation of La.R.S. 14:43. He indicated that he understood he was giving up his rights to trial and trial by jury, to confront and cross-examine witnesses, and to avoid self-incrimination.

The trial court sentenced Defendant to the recommended maximum penalty of twenty-five years in prison without benefit of parole, probation, or suspension of sentence and with credit for time served on this charge and on a sentence in the State of Texas commencing on October 28, 2003. This sentence is to run concurrently with any time served in Texas.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We grant the motion to withdraw and affirm Defendant's conviction and sentence.

## *ANDERS* ANALYSIS:

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a

review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Benjamin*, 573 So.2d at 531.

It is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983)). However, counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been violated." *Id.* (quoting *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997) and *United States v. Urena*, 23 F.3d 707 (2nd Cir. 1994)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing an excessive sentence argument as a potential error for appeal. She determined that the sentence imposed was in accordance with the recommendation made by the parties; thus, it is not subject to

2

review on appeal. The plea agreement does not indicate that Defendant and the State agreed on his sentence. However, at the plea hearing, the parties indicated their agreement about the recommended sentence. The trial court sentenced Defendant in accordance with that recommendation.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) states that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39 (quoting *State v. Goodman*, 96-376 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61).[1]

Here, Defendant and the State jointly recommended the sentence that the trial court imposed. Defendant may not seek review of the sentence he recommended to the court and subsequently received. Defense counsel correctly concluded that Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

Next, counsel considered whether the trial court incorrectly denied Defendant's motion to reconsider his sentence because he had already begun to

---

[1]*Jordan*, 716 So.3d 36, cites *State v. Watkins*, 97-364 (La.App. 3 Cir. 10/8/97), 700 So.2d 1172; *State v. Laroux*, 93-719 (La.App. 3 Cir. 2/2/94), 631 So.2d 730, *writ denied*, 94-577 (La. 6/3/94), 637 So.2d 498; and *State v. Lewis*, 633 So.2d 315 (La.App. 1 Cir. 1993). However, these cited cases preclude appellate review when sentencing is imposed according to a sentencing cap; they do not address the issue of sentencing imposed according to a jointly recommended sentence.

serve the sentence. In fact, La.Code Crim.P. art. 881.1(C) allows the trial court to resentence a defendant despite the commencement of his sentence when he files a timely motion to reconsider, as Defendant did here. However, the trial judge also noted that Defendant's "sentence was part of a plea agreement stated for the record." Thus, it was not subject to review. La.Code Crim.P. art. 881.2(A)(2). Counsel concluded that neither of these possible issues would offer Defendant relief. Accordingly, counsel seeks to withdraw.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentence for simple rape.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issue addressed by counsel. Therefore, we grant appellate counsel's motion to withdraw and affirm Defendant's conviction and sentence.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.

4