NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-691

STATE OF LOUISIANA

VERSUS

JORDAN CARAMBAT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR - 146877
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Billy H. Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO
WITHDRAW GRANTED.

**Keith A. Stutes**
**District Attorney**
**Cynthia K. Simon**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**P.O. Box 52988**
**Shreveport, LA 71135-2988**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jordan Carambat**

**PERRET, Judge.**

On July 3, 2014, Jordan Carambat ("Defendant"), was charged with attempted first degree murder, violations of La.R.S. 14:27 and 14:30; aggravated rape, a violation of La.R.S. 14:42; home invasion, a violation of La.R.S. 14:62.8; and false imprisonment while armed with a dangerous weapon, a violation of La.R.S. 14:46.1. Defendant entered a plea of not guilty. On December 8, 2015, the State amended the first count of the indictment to attempted second degree murder, violations of La.R.S. 14:27 and 14:30.1. On December 14, 2015, Defendant pled guilty to attempted second degree murder and to sexual battery, a violation of La.R.S. 14:43.1. The trial court sentenced him in accordance with his plea agreement to thirty years at hard labor for attempted second degree murder and to one year at hard labor for sexual battery. The sentences were ordered to run concurrently, and Defendant was given credit for time served. The charges of home invasion and false imprisonment were dismissed.

On September 19, 2016, Defendant filed a request for an out-of-time appeal. The trial court granted that motion on September 26, 2016.[1]

Appellate counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. For the following

---

[1]This court issued an order in *State v. Carambat*, number 17-426 on the docket of this court, on May 5, 2017, directing the trial court to conduct an evidentiary hearing to determine whether Defendant was entitled to a court-appointed counsel for his appeal or whether he had made an intelligent and voluntary waiver of counsel for his appeal. On June 12, 2017, the trial court stated at a hearing that it did not have the authority to appoint an attorney for Defendant's appeal. Rather, that authority lay with the Louisiana Appellate Project. On June 28, 2017, this court issued an order stating that the trial court had the authority to appoint counsel, and remanded this matter to the trial court to determine whether Defendant was entitled to court-appointed counsel for purposes of appeal or whether, after being informed of the dangers and disadvantages of self-representation, he had made an intelligent and voluntary waiver of counsel. The hearing on remand took place on July 17, 2017. The trial court appointed the Louisiana Appellate Project to represent Defendant on appeal, and the appeal of Defendant's case was timely filed in this court under the current docket number, 17-691.

reasons, we grant the motion to withdraw and affirm Defendant's convictions and sentences.

## FACTS:

The State submitted this factual basis for Defendant's guilty plea at the plea hearing:

> If we had gone to trial, the State would have proven that on or about July 3rd of 2014, [Defendant] did attempt to kill or commit second degree murder upon one G.J., and that [Defendant] tied an electrical cord around her neck and strangled her to a point where she became unconscious. In addition, on that day, with regards to the sexual battery, the State would have proven that on or about July 3rd of 2014 . . . that the Defendant intentionally touched the genitalia of G.J. by using a part of his body without her consent.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS:

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

The Louisiana Supreme Court approved the fourth circuit's analysis in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176.

Pursuant to *Anders*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief in which he considered Defendant's ability to appeal his sentence. Counsel noted that Defendant pled guilty and was sentenced in accordance with his plea agreement. The plea agreement shows that Defendant and the State jointly recommended the sentence the trial court imposed. Defendant indicated that he heard and understood the recommended sentences. Thus, it is not subject to review on appeal.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, that "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39 (quoting State v. Goodman, 96-376 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61).

Here, Defendant and the State jointly recommended the sentence the trial court imposed. It stands to reason that Defendant may not seek review of a sentence he recommended to the court and subsequently received. Accordingly, we find that Defense counsel correctly concluded that Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

3

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentences for attempted second degree murder and sexual battery.

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, we grant counsel's motion to withdraw and affirm Defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.