# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-788


**STATE OF LOUISIANA**

**VERSUS**

**CASSANDRA WARD**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 86778
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.


**CONVICTION AND SENTENCE AFFIRMED AS AMENDED.
MOTION TO WITHDRAW GRANTED.**

**Annette F. Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cassandra Ward**

**Hon. Asa Allen Skinner**
**District Attorney**
**Thirtieth Judicial District Court**
**Post Office Box 1188**
**Leesville, Louisiana  71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**SAVOIE, Judge.**

Defendant, Cassandra Ward, was indicted for obstruction of justice for tampering with evidence, a violation of La.R.S. 14:130.1(A)(1)(a), on September 4, 2014. She was originally arrested for second degree murder, a violation of La.R.S. 14:30.1, however, the grand jury indicted her on the lesser charge. Her co-defendant, Jose Israel Ayala, III, was indicted for second degree murder and obstruction of justice. Another co-defendant, Matthew David Andrews, was also indicted for obstruction of justice.

Defendant originally entered a plea of not guilty but changed her plea to guilty as charged on September 2, 2016. Defendant had previously filed an amended a motion to suppress; that motion was dismissed at Defendant's request during the plea hearing. The trial court sentenced Defendant to thirty years at hard labor, with credit for time served, and ordered to pay $150 for preparation of her presentence investigation (PSI) report. Defendant filed a motion to reconsider her sentence, and the trial court denied it on July 5, 2017, indicating it had already considered the factors listed in Defendant's motion.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We grant counsel's motion to withdraw and affirm Defendant's conviction and sentence as discussed below.

## FACTS

The State submitted this factual basis for Defendant's guilty plea at the plea hearing:

> [D]uring a period of March 29th, 2014[,] the defendant, Cassandra Ward, did obstruct justice in that she did tamper with evidence which was reasonably relevant to a criminal investigation or proceeding with

knowledge that such acts or act, uh, would reasonably make or would have an effect on an actual or potential present, past, or future criminal investigation with the specific intent to distort the results of that criminal proceeding in that she did remove and, uh, move and did remove evidence of the second degree murder of James Stephens. In particular, the State would contend that the defendant was present at 2490 Bailey Road when the victim arrived at that location – Mr. James Stephens – and was killed by an individual and co[-]defendant named "Jose Ayala." This was the second degree murder of Mr. Stephens. After the defendant, Cassandra Ward, did, with the specific intent to distort results of the subsequent criminal investigation did tamper with evidence by aiding in the removal of the body of Mr. James Stephens from 2490 Bailey Road in Vernon Parish to a location off Highway 1211 in Vernon Parish, Louisiana. Thereafter she did return to 2490 Bailey Road, the murder scene, uh, located here in Vernon Parish and did proceed to clean evidence of the murder by using bleach, uh, to clean the porch of the home, by using bleach to – to clean – to clean blood from the premises, uh, ultimately, uh, having bleach make contact with her shoes and subsequently the State recovered those said shoes from Mrs. Ward. Also, the State would contend that she did, uh, take the weapons and the digging im – implements from that location and did dispose of them at a location over in Texas, which were ultimately recovered. Uh, the State would also contend that, at some point thereafter of March the 29th, 2014, that she did return to the body of Mr. Stephens located out at 1211 and did, at some point, along with the co[-]defendant did tamper with the body. Uh, subsequent to her arrest, she did give statements, uh, supporting the facts that I've, uh, recited here in this court, uh, on several occasions.

Defense counsel did not dispute the recitation of the facts. When the trial judge asked Defendant directly if those facts were correct, she responded, "Yes, sir."

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

***ANDERS* ANALYSIS**

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that

counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Benjamin*, 573 So.2d at 531. The Louisiana Supreme Court approved the fourth circuit's analysis in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176.

Pursuant to *Anders*, 386 U.S. 738, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief in which she considered Defendant's ability to appeal her sentence. Counsel noted Defendant pled guilty and was sentenced within the sentencing cap to which she agreed. Thus, her sentence is not subject to review on appeal. The trial court discussed the terms of the plea agreement, including a sentencing cap of thirty years, the State's agreement not to pursue other charges against Defendant arising out of this incident, and Defendant's agreement to testify truthfully against her co-defendants. Defendant indicated she understood and agreed to the sentencing cap. The trial court sentenced Defendant according to that agreement.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded."

3

*State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of a sentence that falls under the sentencing cap to which he agreed. *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171.

Here, Defendant agreed to the sentencing cap the trial court imposed and cannot contest her sentence on appeal. Defense counsel correctly concluded Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

Defense counsel's brief also discussed the trial court's imposition of a $150 fee for Defendant's PSI report. The fee is to be paid upon Defendant's release from prison.

Louisiana Code of Criminal Procedure Article 875(A)(4) provides:

> (a) If the court orders a presentence investigation to be conducted, the court shall simultaneously order the defendant to pay to the department an amount not to exceed one hundred fifty dollars to defray the cost of conducting the presentence investigation and preparing presentence investigation reports. The order to pay shall be included in the judgment.

> (b) The amount to be paid by the defendant pursuant to this Subparagraph shall be determined by the Department of Public Safety and Corrections and shall be based on the defendant's ability to pay. In making this determination, the department may consider such factors as the defendant's income, property owned by the defendant, outstanding obligations of the defendant, and the number and ages of any dependents of the defendant.

Based on the language of this article, the trial court erred in ordering this fee as part of Defendant's sentence. Although we have not located jurisprudence on this issue, we find the correct interpretation of the article is that the trial court should order a defendant to pay $150 as part of the judgment ordering the PSI. The Department of Public Safety and Corrections should then determine the amount of the fee, not to exceed $150.

Although the trial court erred in ordering the fee as part of Defendant's sentence, this error does not warrant the denial of counsel's motion to withdraw. Counsel has fully addressed the issue in her *Anders* brief, and further discussion is unnecessary. The State has not contested defense counsel's argument. Further, the issue is more in the nature of an administrative matter; it does not concern Defendant's conviction, sentence, or any constitutional rights. Thus, we vacate the portion of Defendant's sentence ordering her to pay a fee of $150 at the time she is released from prison.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and she acknowledged her guilty plea on the plea form. The trial court correctly informed Defendant of her *Boykin* rights and discussed her possible sentences for obstruction of justice.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel.

**DECREE**

Based on the foregoing, defense counsel's motion to withdraw is granted. We amend Defendant's sentence to delete the order to pay $150 upon her release from prison. Defendant's conviction and sentence are affirmed in all other respects.

**CONVICTION AND SENTENCE AFFIRMED AS AMENDED. MOTION TO WITHDRAW GRANTED.**